In re Petition for REINSTATEMENT OF Nicholas James GEGEN, a Minnesota Attorney, Registration No. 21503X.

No. A07–704.

Supreme Court of Minnesota.

July 2, 2008.

ORDER

On December 1, 2005, we transferred petitioner Nicholas James Gegen to disability inactive status, pursuant to a stipulation between petitioner and the Director of the Office of Lawyers Professional Responsibility. *In re Gegen,* 706 N.W.2d 763 (Minn.2005). Petitioner filed a petition for reinstatement to active status in April 2007, and a hearing was held before a panel of the Lawyers Professional Responsibility Board. The panel concluded that petitioner has proven by clear and convincing evidence that he is competent and psychologically fit to resume the active practice of law. The panel further concluded that petitioner has proven that he has complied with Rule 26, Rules on Lawyers Professional Responsibility (RLPR), and is current in continuing legal education requirements. The disciplinary proceeding pending at the time of petitioner's transfer to disability inactive status has been resolved. The panel recommended that petitioner be reinstated to the practice of law and placed on probation for three years, subject to additional conditions.

The court has independently reviewed the file and approves the panel's recommended disposition as modified.

Based upon all the files, records, and proceedings herein,

IT IS HEREBY ORDERED that, effective immediately, petitioner Nicholas James Gegen is reinstated to the practice of law and placed on probation for a period of three years, subject to the following conditions:

(a) Petitioner shall cooperate fully with the Director's Office in its efforts to monitor compliance with this probation and shall promptly respond to the Director's correspondence by its due date. Petitioner shall provide to the Director a current mailing address and shall immediately notify the Director of any change of address. Petitioner shall cooperate with the Director's investigation of any allegations of unprofessional conduct that may come to the Director's attention. At the Director's request, petitioner shall provide authorization for the release of information and documentation to verify compliance with the terms of this probation.

(b) Petitioner shall abide by the Minnesota Rules of Professional Conduct.

(c) Petitioner shall maintain total abstinence from alcohol and other mood-altering chemicals, except that petitioner may use prescription drugs in accordance with the directions of a physician who is fully advised of petitioner's chemical dependency before issuing the prescription.

(d) Petitioner shall attend weekly meetings of Alcoholics Anonymous or another outpatient alcohol treatment program acceptable to the Director. Petitioner shall, by the tenth day of each month, without a specific reminder or request, submit to the Director an attendance verification on a form provided by the Director, which provides the name, address and telephone number of the person personally verifying the attendance. Such attendance verification shall also, upon request, be provided to petitioner's supervisor, if one is appointed.

(e) Petitioner shall continue current treatment with his licensed consulting

psychologist and shall complete all recommended therapy programs. In addition, petitioner shall continue regular consultations with a psychiatrist and shall take all medications prescribed by that psychiatrist. Petitioner shall sign authorizations permitting the Director to verify that petitioner regularly consults with his psychologist and psychiatrist and continues to take his prescribed medications.

(f) Petitioner shall, at his own expense, submit to random urinalysis for drug and alcohol screening no more than four times per month at a facility approved by the Director and shall direct that facility to provide the results of all urinalysis testing to the Director's Office. If, after six months, all such tests have been negative, then the frequency of the random tests may be reduced. Petitioner shall cooperate with the phone-in program established by the Director for the random test. Any failure to phone in in accordance with the random test program shall be considered a receipt of a positive test result. Any positive test result will be grounds for the Director to file a petition for transfer of petitioner to disability inactive status.

(g) Petitioner shall not practice law in a solo practice until he has practiced law for at least 12 months as an employee or partner of another licensed Minnesota attorney. During any period that petitioner practices law as a solo practitioner during the period of probation, petitioner shall be subject to supervision by a licensed attorney subject to the following conditions:

(1) Petitioner shall be supervised by a licensed Minnesota attorney appointed by the Director to monitor compliance with the terms of this probation. Petitioner shall provide to the Director the names of four attorneys who have agreed to act as petitioner's supervisor no less than two weeks before petitioner begins a solo practice of law. If, after diligent effort, petitioner is unable to locate a supervisor acceptable to the Director, the Director will seek to appoint a supervisor. Until a supervisor has signed a consent to supervise, petitioner shall on the first day of each month provide the Director with an inventory of active client files described in subparagraph (2) below. Petitioner shall make active client files available to the Director upon request.

(2) Petitioner shall cooperate fully with the supervisor's efforts to monitor compliance with this probation. Petitioner shall contact the supervisor and schedule a minimum of one in-person meeting per calendar quarter. Petitioner shall submit to the supervisor an inventory of all active client files by the first day of each month during probation. With respect to each active file, the inventory shall disclose the client name, type of representation, date opened, most recent activity, next anticipated action, and anticipated closing date. Petitioner's supervisor shall file written reports with the Director at least quarterly, or at such more frequent intervals as may reasonably be requested by the Director.

(3) Within thirty days of beginning solo practice, petitioner shall provide to the Director and to the probation supervisor a written plan outlining office procedures designed to ensure that petitioner is in compliance with probation requirements. Petitioner shall provide progress reports as requested by the Director or probation supervisor.

BY THE COURT:

/s/Alan C. Page

Associate Justice

MAGNUSON, C.J., took no part in the consideration or decision of this case.